Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sean Greene (SBN 328718)
sgreene@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs Kim Stevenson and Howard Tarlow*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM STEVENSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. BECKER, et al., <br><br> Defendants. | Case No. 4:23-cv-02277-HSG <br><br> **SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL** <br><br> Courtroom:  2 – 4th Floor <br> Judge:       Haywood S. Gilliam, Jr. |
| STEPHEN ROSSI, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY W. BECKER, et al., <br><br> Defendants. | Case No. 4:23-cv-02335-HSG |

[additional caption on following page]

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND
REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT
APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

STEPHEN ROSSI, et al.,

    Plaintiffs,

      v.

ANTHONY DECHELLIS, et al.,

    Defendants.

Case No. 4:24-cv-01674-HSG

Plaintiffs Kim Stevenson, Howard Tarlow, and Stephen Rossi ("Plaintiffs") and Defendant KPMG LLP ("KPMG" and together with Plaintiffs, the "Settling Parties"), through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on April 10, 2023, Plaintiffs Kim Stevenson and Howard Tarlow filed a putative securities class action against Defendants Gregory W. Becker, Daniel J. Beck, Eric A. Benhamou, John S. Clendening, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Karen Hon, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin, and KPMG, in the Superior Court of California, County of Santa Clara, captioned *Stevenson, et al. v. Becker, et al.*, No. 23CV413949 (the "*Stevenson* Action"), asserting claims under the Securities Act of 1933 ("Securities Act") arising out of the July 2021 stock-for-stock exchange through which SVB Financial Group acquired and merged with Boston Private Bank & Trust Company;

WHEREAS, on April 14, 2023, Plaintiff Stephen Rossi filed a putative securities class action in the Superior Court of California, County of Santa Clara, captioned *Rossi v. Becker, et al.*, No. 23CV414120 ("*Rossi I* Action"), alleging substantially similar claims against the same defendants named in the *Stevenson* Action, and also naming Benhamou Global Ventures, LLC, Fifth Era, LLC, and Scale Venture Partners as additional defendants;

WHEREAS, on May 10 and 12, 2023, certain defendants removed the *Stevenson* Action and *Rossi I* Action, respectively, to the United States District Court for the Northern District of California (*Stevenson*, Dkt. No. 1; *Rossi I*, Dkt. No. 1);

1

WHEREAS, on June 9 and 12, 2023, Plaintiffs filed motions to remand the *Stevenson* Action and *Rossi I* Action, respectively, back to the Superior Court of California, County of Santa Clara (the "Remand Motions") (*Stevenson*, Dkt. No. 56; *Rossi I*, Dkt. No. 39), which Remand Motions contested this Court's subject matter jurisdiction to reach and enter judgment on the merits of the removed claims (*see id.* (citing, *e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1197-98 (9th Cir. 1988) (holding that to extent removal was barred by the Securities Act's anti-removal bar, "the district court **lacked jurisdiction** over the 1933 Act claim in the first instance and should have remanded this portion of the action to state court")));

WHEREAS, on June 27, 2023, the Court related the *Stevenson* and *Rossi I* Actions (*Stevenson*, Dkt. No. 65; *Rossi I*, Dkt. No. 45);

WHEREAS, on March 28, 2024, following briefing and argument on the Remand Motions, the Court issued an order denying the Remand Motions ("March 28 Order"), and further directed the parties to submit a stipulation and proposed order certifying an interlocutory appeal of the March 28 Order to the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to 28 U.S.C. § 1292(b) (the "Interlocutory Appeal") (*Stevenson*, Dkt. No. 87; *Rossi I,* Dkt. No. 60);

WHEREAS, on April 11, 2024, the Court approved the parties' stipulation and proposed order certifying the March 28 Order for interlocutory appeal and staying the proceedings of the *Stevenson* and *Rossi I* Actions pending resolution of the Interlocutory Appeal (*Stevenson*, Dkt. No. 93; *Rossi I*, Dkt. No. 64);

WHEREAS, on October 23, 2024, the Ninth Circuit granted the Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) from the March 28 Order (Appeal No. 24-2565, Dkt. No. 5);

WHEREAS, the Ninth Circuit recognizes that such "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982), and, reciprocally, that "[d]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal." *U.S. v. Pinter*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing *Plotkin*, 688 F.2d at 1293); *see also Britton*

2

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND
REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT
APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

*v. Coop Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.") (citing *Manual for Complex Litigation* §§ 25.11, 25.16 (2d Ed.)); *id*. at 1411 ("where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal.") (quoting 9 J. Moore, *Moore's Federal Practice,* at ¶ 203.11, 3–54);

WHEREAS, the March 28 Order that is the subject of the Interlocutory Appeal does not concern any issues of severance and remand for settlement purposes, and thus these issues are outside the scope of the Ninth Circuit's interlocutory jurisdiction and rather remain within this Court's purview (*see Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals . . . and [t]he court of appeals may not reach beyond the certified order" to address other orders or issues in the case) (citing *United States v. Stanley,* 483 U.S. 669, 677 (1987)));

WHEREAS, on November 1, 2024, the parties to the *Stevenson* and *Rossi I* Actions attended an in-person mediation session in New York with the Honorable Layn Phillips (Ret.) of Phillips ADR Enterprises, P.C., where, after a full day of mediation, no agreement on settlement terms was reached between the Settling Parties;

WHEREAS, on October 29, 2025, the parties to the *Stevenson* and *Rossi I* Actions attended a further in-person mediation session in New York with Judge Phillips, and although no agreement on settlement terms was reached at the mediation, the Settling Parties continued negotiations following the mediation in an effort to resolve Plaintiffs' claims against KPMG;

WHEREAS, following full briefing on the Interlocutory Appeal, the Ninth Circuit heard argument on December 3, 2025, and took the matter under submission (Appeal No. 24-6600, Dkt. No. 61);

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

WHEREAS, on December 9, 2025, pursuant to a mediator's proposal, the Settling Parties reached an agreement-in-principle to resolve Plaintiffs' claims against KPMG and subsequently began drafting definitive settlement documentation;

WHEREAS, the Settling Parties wish to achieve finality, certainty, and judicial efficiency by finalizing and presenting their proposed settlement for approval before the California state court where the *Stevenson* and *Rossi I* Actions were commenced and which, upon severance and remand, would have undisputed jurisdiction to enter ultimate judgment resolving the claims against KPMG;

WHEREAS, to that end, on January 6, 2026, the Settling Parties submitted the Joint Stipulation and [Proposed] Order Severing and Remanding Claims Against KPMG LLP to State Court for Settlement Approval (*Stevenson*, Dkt. No. 121; *Rossi I*, Dkt. No. 96), and, subsequently, the Court set a Case Management Conference regarding the Joint Stipulation and [Proposed] Order on January 13, 2026 (*Stevenson*, Dkt. No. 122; *Rossi I*, Dkt. No. 97);

WHEREAS, at the January 13, 2026 Case Management Conference, the Court ordered the Settling Parties to meet and confer and file by January 20, 2026, a revised stipulation and proposed order with necessary authority regarding the Court's jurisdiction to remand the claims against KPMG to state court and the effect of the remand on the cases and remaining claims before the Court (*Stevenson*, Dkt. No. 124; *Rossi I*, Dkt. No. 99);

WHEREAS, on January 20, 2026, the Settling Parties submitted the Amended Joint Stipulation and [Proposed] Order Severing and Remanding Claims Against KPMG LLP to State Court for Settlement Approval, providing necessary authority regarding the Court's jurisdiction to remand the claims against KPMG to state court and the effect of the remand on the cases and remaining claims before the Court (*Stevenson*, Dkt. No. 125; *Rossi I*, Dkt. No. 100). Thereafter, the Court set a further Case Management Conference regarding the Settling Parties' Amended Joint Stipulation and [Proposed] Order for January 27, 2026 (*Stevenson*, Dkt. No. 126; *Rossi I*, Dkt. No. 101);

WHEREAS, at the January 27, 2026 Case Management Conference, the Court directed the Settling Parties to meet and confer and file by February 3, 2026, a status report regarding how they

4

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

propose to proceed with respect to KPMG's pending appeal (*Stevenson*, Dkt. No. 127; *Rossi I*, Dkt. No. 102);

WHEREAS, on February 3, 2026, the Settling Parties submitted a status report informing the Court that the Settling Parties agreed to and submitted to the Ninth Circuit the Stipulated Motion to Voluntarily Dismiss Appeal as to KPMG LLP Only Without Prejudice and accompanying Order Dismissing Appeal as to KPMG LLP Only Without Prejudice (Appeal No. 24-6600, Dkt. Nos. 62.1, 62.2), requesting the Ninth Circuit dismisses the appeal as to KPMG only without prejudice to its reinstatement should the Settling Parties be unable to successfully document and obtain final judicial approval of the settlement (*Stevenson*, Dkt. No. 129; *Rossi I*, Dkt. No. 104);

WHEREAS, on February 5, 2026, the Ninth Circuit entered an Order Granting the Settling Parties' Stipulated Motion to Voluntarily Dismiss Appeal as to KPMG LLP Only Without Prejudice (Appeal No. 24-6600, Dkt. No. 64.1);

WHEREAS, in view of the Ninth Circuit's dismissal of the appeal as to KPMG, the Settling Parties request that the Court enter this Second Amended Joint Stipulation and [Proposed] Order Severing and Remanding Claims Against KPMG LLP to State Court for Settlement Approval, so that the Settling Parties can proceed with seeking approval of their proposed settlement in California state court;

WHEREAS, the Settling Parties jointly agree that Plaintiffs' claims asserted against KPMG in the *Stevenson* and *Rossi I* Actions should be severed and remanded to the Superior Court of California, County of Santa Clara, so that the Settling Parties may obtain preliminary and final approval of the settlement, and that the Settling Parties' intention to seek approval of the settlement in the Superior Court of California, County of Santa Clara, supports their request for severance and remand;

WHEREAS, severance and remand of the claims asserted against KPMG does not affect the Court's jurisdiction over the remaining claims and parties before the Court. *See, e.g.*, *DeMartini v. DeMartini*, No. 2:14-cv-2722-JAM-CKD-PS, 2017 WL 2379950, at *1 (E.D. Cal. June 1, 2017) (severing and remanding one cause of action while retaining jurisdiction over remaining causes of action); *Schenck v. Curtiss-Wright Corp.*, No. 2:18-CV-00164-MPK, ECF No. 75 (W.D. Pa. Dec. 7,

2018) (granting stipulated order to sever and remand claims, and "retain[] jurisdiction" over the remaining claims); *see also* 1A James Wm. Moore et al., Moore's Fed. Prac. at 701 (2d ed. 1993) ("A partial remand of a removed action constitutes, in effect, a severance of the part that is remanded from that which is retained; and orders entered as to the part of the action retained should be subject to the usual principles of appellate review.");

WHEREAS, federal courts—including this one—routinely grant requests to remand removed cases for settlement purposes in similar circumstances, particularly where, as here, settling parties seek to avoid uncertainty posed by dispute over the federal court's jurisdiction to enter ultimate judgment. *See Nesbitt v. Postmates Inc.*, No. 3:15-cv-4052-VC, ECF No. 68 (N.D. Cal. Feb. 22, 2017) (granting stipulation to remand for settlement approval purposes, where parties explained that they "wish[ed] to endeavor, for the efficiency of the Parties, the Court, and putative class members to limit, to the extent possible and practicable, the potential for protracted litigation as to whether [subject matter jurisdiction existed and thus] as to whether this Court could validly approve their settlement."); *Sheppard v. Mandalay Bay, LLC*, No. 2:18-cv-01120-RFB-VCF, 2019 WL 5087482, at *1 (D. Nev. Oct. 9, 2019) (Boulware, J.) (where defendants had removed on the basis of federal question jurisdiction, granting parties' stipulation to remand, after parties had reached a settlement agreement, "to facilitate and advance the settlement process"); *Devore v. BWW Res., LLC*, No. 2:21-CV-01586-KJM-AC, 2022 WL 2354771, at *1 (E.D. Cal. June 30, 2022) (granting parties' stipulation to remand "for settlement purposes and settlement approval purposes only"); *Strange v. MDR Grp., LLC*, No. 2:19-cv-00135-TLN-CKD, 2020 WL 7587076, at *1 (E.D. Cal. Dec. 22, 2020) (granting parties' stipulation to remand for class action settlement purposes where the parties "agreed that the settlement is more appropriately resolved in the Superior Court of California, County of Sacramento"); *Velez v. CoWorx Staffing Servs. LLC*, No. 5:18-cv-00651-SJO-(KSx), 2018 WL 4553552, at *1 (C.D. Cal. Sept. 19, 2018) (granting parties' stipulation to remand lawsuit "for purposes of settlement approval and administration"). The Settling Parties stipulate and respectfully submit that the Court should grant the same request here; and

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

WHEREAS, the Settling Parties agree that nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any Settling Party may have with respect to the claims set forth in the complaints filed in the *Stevenson* and *Rossi I* Actions.

NOW THEREFORE, the Settling Parties hereby stipulate and agree as follows:

1.      Plaintiffs' claims asserted against KPMG in the *Stevenson* and *Rossi I* Actions are formally severed, and shall be remanded to the Superior Court of California, County of Santa Clara, so that the Settling Parties may seek preliminary and final approval of the settlement.

2.      Plaintiffs' claims asserted against the remaining defendants in the *Stevenson* and *Rossi I* Actions are unaffected such that the Interlocutory Appeal remains pending, and the cases and remaining claims before the Honorable Haywood S. Gilliam, Jr. remain stayed pending resolution of the Interlocutory Appeal.

3.      Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any Settling Party may have with respect to the claims set forth in the complaints filed in the *Stevenson* and *Rossi I* Actions.

**IT IS SO STIPULATED.**

Dated: February 11, 2026

By: /s/ *Adam E. Polk*
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sean Greene (SBN 328718)
sgreene@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs Kim Stevenson and Howard Tarlow*

Dated: February 11, 2026

By: /s/ *David W. Hall*
David W. Hall (SBN 274921)
dhall@hallfirmltd.com

7

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

Armen Zohrabian (SBN 230492)
azohrabian@hallfirmltd.com
**THE HALL FIRM, LTD**
One Embarcadero Center, Suite 1200
San Francisco, CA 94104
Telephone: 415.426.5648
Facsimile: 415.402.0058

*Attorneys for Plaintiff Stephen Rossi*

Dated: February 11, 2026

By: /s/ *Lisa R. Bugni*
Lisa R. Bugni (SBN 323962)
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: lbugni@kslaw.com

*Attorneys for Defendant KPMG LLP*

## ATTESTATION STATEMENT

I, Adam E. Polk, am the ECF User whose identification and password are being used to file this document pursuant to Civil L.R. 5-1(i)(3). I attest under penalty of perjury that counsel has concurred in this filing.

Dated: February 11, 2026

/s/ *Adam E. Polk*
Adam E. Polk

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG

**ORDER**

FOR GOOD CAUSE appearing herein, and pursuant to the Settling Parties' stipulation, the Court hereby orders that:

1. Plaintiffs' claims asserted against KPMG in the *Stevenson* and *Rossi I* Actions are formally severed, and shall be remanded to the Superior Court of California, County of Santa Clara, so that the Settling Parties may seek preliminary and final approval of the settlement.

2. Plaintiffs' claims asserted against the remaining defendants in the *Stevenson* and *Rossi I* Actions are unaffected such that the Interlocutory Appeal remains pending, and the cases and remaining claims before the Honorable Haywood S. Gilliam, Jr. remain stayed pending resolution of the Interlocutory Appeal.

3. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any Settling Party may have with respect to the claims set forth in the complaints filed in the *Stevenson* and *Rossi I* Actions.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 2/12/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

SECOND AMENDED JOINT STIPULATION AND ORDER SEVERING AND REMANDING CLAIMS AGAINST KPMG LLP TO STATE COURT FOR SETTLEMENT APPROVAL
Case No. 4:23-cv-02277-HSG; Case No. 4:23-cv-02335-HSG; Case No. 4:24-cv-01674-HSG